**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ISIKEL RAMIREZ,

    Petitioner,

v.                                                   CASE NO. 8:04-CV-906-T-30EAJ
                                                               8:01-CR-443-T-30EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in the federal penal system proceeding *pro se*, initiated this action by filing a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (CV Dkt. 1).  The Government has filed a response to the motion (CV Dkt. 4), and Petitioner has filed a reply thereto (CV Dkt. 7).  The matter is now before the Court for consideration on the merits.

**Background**

On May 30, 2002, Petitioner pled guilty pursuant to a negotiated plea agreement (CR Dkt. 232) to one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 846 (CR Dkt. 258).  In his plea agreement, Petitioner expressly waived his right to appeal his sentence:

> . . . directly or collaterally on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, except for an upward departure by the sentencing judge, a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18

>   U.S.C. § 3742(b), the defendant is released from this waiver and may appeal
>   the sentence as authorized by 18 U.S.C. § 3742(a).

CR Dkt. 232 at 12.  The Petitioner's guilty plea was accepted on June 26, 2002 (CR Dkt. 291), and he was adjudicated guilty. Petitioner was sentenced on October 16, 2002, to a 262-month term of imprisonment, to be followed by a 60-month term of supervised release. Petitioner's judgment of conviction was entered on October 17, 2002 (CR Dkt. 360). Finding Petitioner's appeal waiver valid, the appellate court dismissed Petitioner's direct appeal on June 4, 2003 (CR Dkt. 422).  *See United States v. Ramirez*, Case No. 02-15994-F (11th Cir. 2003).

On April 22, 2004, Petitioner timely filed this § 2255 motion asserting the following claims for relief:

1. Petitioner's guilty plea is invalid because he was never informed what was it meant to be part of a conspiracy;

2. The court failed to warn Petitioner that his guilty plea would not be withdrawn if the Court refused to impose the sentence bargained for in the plea agreement;

3. The government breached the plea agreement when it agreed to recommend a base offense level of 32, knowing that the Petitioner's prior convictions would make such a recommendation invalid; and

4. Petitioner's Sixth Amendment right to effective assistance of counsel was violated when trial counsel:

    a. failed to raise the aforementioned grounds on direct appeal;

    b. failed to properly assess the facts of the case and familiarize himself with the law prior to making his recommendation to the Petitioner to enter into the plea agreement;

    c. enticed the Petitioner to enter his guilty plea when no factual basis existed with respect to the drug quantity;

    d. failed to remind the Court to make specific finding of the drug amount attributable to Petitioner;

2

      e.    failed to advise Petitioner prior to entering into his plea agreement that he was facing a mandatory minimum based on his prior convictions which would increase his base offense level from 32 to 37;

      f.    failed to secure a lower drug amount attributable to the petitioner; and

      g.    led the petitioner to believe he was agreeing in his plea agreement to a base offense level of 32.

CV Dkt. 1.  In response to the Petition, the Government asserts that because Petitioner waived his right to appeal, directly or collaterally, in his plea agreement, his § 2255 motion should be denied (CV Dkt. 4). For the reasons set forth below, this Court agrees.

## Standard of Review

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United*

*States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing" the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

### Discussion

The crux of Petitioner's complaint is that the sentence he received was greater than he expected to receive when he signed the plea agreement. When Petitioner executed his plea agreement, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. at 266-67. As set forth *supra*, pursuant to the plea agreement Petitioner executed, he waived his right to appeal, directly or collaterally, any factual or legal finding made by the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the Government appealed. The waiver includes claims of ineffective assistance of counsel at sentencing. *See Williams*, 396 F.3d at 1342.

Petitioner negotiated an agreement with the Government regarding the disposition of his criminal charges and entered a guilty plea pursuant thereto (CR Dkt. 232). A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted). In this

circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant.  Among the considerations that a defendant may offer as part of such a contract is waiver of his right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) (emphasis added; citation omitted).  *See also United States v. Pease*, 240 F.3d 938 (11th Cir. 2001).

In the plea agreement, Petitioner was placed on notice that the drug charge to which he agreed to plead guilty[1] carried a mandatory minimum sentence of ten (10) years imprisonment, a maximum term of life imprisonment, and a term of supervised release of not more than five (5) years (CR Dkt. 232 at 2; CR Dkt. 406 at 14).  Petitioner was only sentenced to a term of 262 months imprisonment (CR Dkt. 359 at 2).  The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge the guidelines sentence is controlling. *See Williams*, 396 F.3d at 1342.  *See also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001). In *United States v. Jones*, the Eleventh Circuit stated:

> [W]e have consistently considered written plea agreements to be part of the record of the Rule 11 hearing. *See United States v. Hourihan,* 936 F.2d 508, (11th Cir. 1991); *United States v. Bell,* 776 F.2d 965, 969 (11th Cir. 1985),

---

[1] Title 21 U.S.C. § 841 provides, in relevant part, that "it shall be unlawful for any person knowingly or intentionally– (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; . . . any person who violates subsection (a) of this section shall be sentenced as follows:  In the case of a violation of subsection (a) of this section involving– . . . (viii) 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers; such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years.  If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . . [A]ny sentence imposed under this subparagraph shall, in the absence of such a prior conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment."  21 U.S.C. § 841(b)(1)(B)(viii).  Pursuant to 21 U.S.C. § 846, "[a]ny person who attempts or conspires to commit any offense defined in [the Controlled Substances Act] shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

> *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986). *See also United States v. Padilla,* 23 F.3d 1220, 1221-22 (7th Cir. 1994) (looking to written plea agreement to determine if defendant knew of mandatory minimum sentence). We hold that where a signed, written plea agreement describing a mandatory minimum sentence is specifically referred to during a Rule 11 plea colloquy, the core principle that the defendant be aware of the consequences of his plea has been complied with [and] [t]he defendant's substantial rights were not violated.

143 F.3d 1417, 1420 (11th Cir. 1998). Petitioner does not assert that he did not know that the appeal waiver was included in the plea agreement. The Court finds that a thorough Rule 11 colloquy was conducted, including a determination that Petitioner was competent at the time he entered his plea, a detailed review of the terms of the plea agreement, the charges and the consequences of those charges, the rights Petitioner was giving up under the agreement, including the right to appeal, directly or collaterally, the mandatory minimum sentence and maximum sentence, the factual basis for the charges, and the fact that Petitioner was entering his plea voluntarily and knowingly without any threats, force, or coercion, or any promises having been made to him that were not a part of the written plea agreement (CR Dkt. 406). Petitioner acknowledged under oath that he had read the plea agreement and understood the terms of the plea agreement. *Id.* at 16. When he executed the document, Petitioner certified that the he had read the agreement and understood the terms thereof. *See* CR Dkt. 232 at 17. The magistrate judge reviewed the appeal waiver provisions of the plea agreement with Petitioner during the Rule 11 colloquy (CR Dkt. 406 at 11-12). After the Government made its proffer of evidence to support the charge, Magistrate Judge Jenkins asked Petitioner, "[a]re these facts true?" Petitioner responded: "[y]es, [m]a'am," and immediately thereafter, Petitioner reaffirmed his desire to enter a plea of guilty to the conspiracy charge. *Id.* at 20-21. Having reviewed the transcript of the Rule 11 colloquy and the plea agreement executed by Petitioner, the Court is satisfied that

Petitioner understood the full significance of the waiver. Any initial misunderstandings Petitioner may have, in arguendo, had regarding the provisions of the plea agreement were cured during the Rule 11 colloquy. Because a defendant's statements concerning plea consequences at the time of plea are considered "persuasive evidence," they are not overcome later by the defendant's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988). "[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir.), *cert. denied*, 479 U.S. 823 (1986). Therefore, based on the record, the Court finds that petitioner's plea, including the waivers contained in the written plea agreement of his right to appeal and to collaterally attack his sentence, was knowing, intelligent, and voluntary.

The claims Petitioner asserts in his § 2255 motion do not fall within the exceptions to his appeal waiver, which would have permitted him to appeal only an upward departure from his guidelines range, a sentence imposed in excess of the statutory maximum, or a sentence imposed in violation of law apart from the sentencing guidelines (CR Dkt. 232 at 12). *See United States v. Bushert*, 997 F.2d at 1351 (court will enforce waivers of appeal if made knowingly and voluntarily).

Statements by a defendant at the Rule 11 proceedings are accepted as conclusive unless he reasonably alleges why this should not be so. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1997). Petitioner fails to meet this burden. There is nothing in the record to overcome the persuasive evidence of Petitioner's statements at the plea hearing. Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing. *See Bushert*, 997 F.2d at 1350.

7

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made. Petitioner has had the benefit of his bargain. The Government is likewise entitled to the benefit of its bargain. Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to demonstrate that he is entitled to the relief he seeks in his § 2255 motion.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CV Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 18, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

SA:jsh